UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

MERCEDES ARTEAGA,
on behalf of herself and
all others similarly situated,

        Plaintiff,

v.

WIRELESS VISION, LLC

        Defendant.

Case No. 18-cv-621

**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)**

**JURY TRIAL DEMANDED**

---

**COMPLAINT**

---

**PRELIMINARY STATEMENT**

1. This is a legal action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), by Plaintiff, Mercedes Arteaga, against Defendant, Wireless Vision, LLC.

2. Plaintiff brings her FLSA claims and causes of action against Defendant individually, on behalf of herself, for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate. Specifically, during her employment with Defendant and in her non-exempt position as a Retail Sales Lead, Plaintiff consistently performed compensable work in excess of forty (40) hours in a workweek with Defendant's knowledge and/or at Defendant's direction but did not receive overtime compensation (at time and one-half of her regular rate of pay) for all hours worked in excess of forty (40) in a workweek.

3. Plaintiff also brings her FLSA claims and causes of action against Defendant collectively, on behalf of herself and all others similarly situated, for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate. Specifically, Plaintiff brings these FLSA claims and causes of action on behalf of herself and all other similarly situated current and former non-exempt employees of Defendant employed by it at any of its United States locations who were compensated with non-discretionary commission payments (and/or any other form of non-discretionary compensation) and who were denied overtime compensation for each hour worked in excess of forty (40) in a workweek because Defendant failed to include these non-discretionary forms of compensation in said non-exempt employees' regular rates of pay for overtime calculation purposes.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

6. Plaintiff, Mercedes Arteaga, is an adult female resident of the State of Wisconsin residing at 1830 North Hubbard Street, Apartment 401, Milwaukee, Wisconsin 53212.

7. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b), is contemporaneously filed with this Complaint. (ECF No. 1.)

8. Defendant is a United States-based retailer of T-Mobile products and services.

9. Defendant is located in approximately twenty-six (26) states throughout the United States, including in the State of Wisconsin.

10. Defendant manages, operates, and/or owns approximately five hundred (500) stores or locations across the United States, including in the State of Wisconsin.

11. Defendant's corporate headquarters are located in Bloomfield Hills, Michigan, and its principal place of business is located at 40700 Woodward Avenue, Suite 205, Bloomfield Hills, Michigan 48304.

12. Defendant's registered agent for service of process in the State of Wisconsin is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

## COVERAGE AND GENERAL ALLEGATIONS

13. In approximately March 2013, Defendant hired Plaintiff into the position of Retail Sales Associate, which was a non-exempt, hourly-paid position.

14. In approximately April 2015, Defendant promoted Plaintiff to the position of Retail Sales Lead, which was a non-exempt, hourly-paid position.

15. During Plaintiff's position with Defendant and in her position as Retail Sales Lead, Plaintiff reported directly to Alexander Miller, Retail Sales Manager, who reported directly to Dennis Ritchie, District Manager.

16. On or about June 1, 2017, Defendant promoted Plaintiff to the position of Retail Sales Manager, which was an exempt, salaried position.

17. On or about April 5, 2018, Plaintiff's employment with Defendant ended.

18. During Plaintiff's position with Defendant, she performed work for and on behalf of Defendant in the State of Wisconsin – specifically, in the Milwaukee, Wisconsin area.

19. The vast majority of employees who work at Defendant's store and locations across the United States, including in the State of Wisconsin, are employed in non-exempt positions as part of Defendant's retail service process, including but not limited to the positions of: Retail Sales Associate; Sales Operations Associate; Mobile Expert; Retail Sales Lead; and Manager in Development.

20. During Plaintiff's employment with Defendant, she regularly worked alongside other non-exempt employees of Defendant at its Milwaukee, Wisconsin location(s).

21. Most of Defendant's non-exempt employees, including Plaintiff, often worked in excess of forty (40) hours per workweek.

22. Upon information and belief, Defendant's workweek for FLSA purposes is Monday through Sunday.

23. During Plaintiff's employment with Defendant, it compensated her on a biweekly basis via paycheck.

24. Defendant is a covered employer for FLSA purposes.

25. For purposes of the FLSA, Defendant is an "employer" of "employees," Plaintiff and all others similarly situated, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

26. Plaintiff and all other current and former non-exempt employees of Defendant on whose behalf she brings these FLSA collective claims and causes of action were non-union employees of Defendant.

27. Plaintiff and all other current and former non-exempt employees of Defendant on whose behalf she brings these FLSA collective claims and causes of action: performed compensable work on behalf of and/or at the direction of Defendant; had their day-to-day activities supervised by Defendant; were hired, terminated, promoted, demoted, and suspended by Defendant; had their work performance reviewed by Defendant; had their work rules, policies, and procedures by which they abided in the workplace established by Defendant; has the terms and conditions of their employment controlled by Defendant; had their work schedules and provided them with work assignments and hours of work established by Defendant; and had their hours of work tracked and recorded by Defendant.

## **FLSA OVERTIME ALLEGATIONS**

28. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, she performed compensable work at Defendant's Milwaukee, Wisconsin location(s).

29. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, Defendant electronically created weekly shift schedules, which were then printed and displayed at Defendant's stores or locations in hard copy form.

30. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, Defendant's weekly shift schedules were electronically created and maintained by Defendant via a software and/or web-based program or platform called "WorkForce Software" and/or "Workplace Online," which was provided by and through "Workplace Systems" and/or WorkForce Software, LLC, a third-party entity.

31. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, she was normally or customarily scheduled to work approximately thirty-eight (38) to forty-two (42) hours per workweek.

32. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, she frequently worked in excess of forty (40) hours per workweek.

33. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, Defendant's expectation and/or requirement of her was that she work in excess of forty (40) hours per workweek.

34. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, she regularly and consistently worked from approximately 9:00 a.m. to 9:00 p.m., five (5) to six (6) days per workweek.

35. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, she regularly and consistently worked between approximately fifty (50) and sixty-five (65) hours per workweek.

36. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, she regularly and consistently worked between approximately fifty (50) and sixty-five (65) hours per workweek with Defendant's knowledge and/or at Defendant's direction.

37. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, she regularly and consistently physically performed work at Defendant's Milwaukee, Wisconsin location(s) alongside Defendant's management-level employees.

38. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, Defendant recorded her hours worked each workweek via its electronic timekeeping system.

39. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, Defendant did not record all of her hours worked and/or work performed each workweek via its electronic timekeeping system.

40. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, Defendant did not compensate Plaintiff for all hours worked and/or work performed each workweek, including at an overtime rate of pay.

41. Multiple times during Plaintiff's employment with Defendant in her position of Retail Sales Lead, Defendant communicated to Plaintiff that it would not compensate her for all hours worked and/or work performed in a workweek, including at an overtime rate of pay.

42. Multiple times during Plaintiff's employment with Defendant in her position of Retail Sales Lead, Defendant communicated to Plaintiff that it would not compensate her for all hours worked and/or work performed in a workweek, including at an overtime rate of pay, primarily because Defendant did not have enough "budgeted hours" to compensate her: the pre-determined, fixed amount of hours per location for which Defendant compensated all of its employees for all work performed at said location per workweek.

43. During Plaintiff's employment with Defendant in her position of Retail Sales Lead and when Defendant recorded Plaintiff's hours worked each workweek via its electronic timekeeping system, it was to her detriment and did not accurately reflect all hours worked and/or work performed by Plaintiff in the workweek.

44. During Plaintiff's employment with Defendant in her position of Retail Sales Lead and on practically a weekly basis, Defendant recorded Plaintiff's hours worked each workweek via its electronic timekeeping system to her detriment, not accurately reflecting all hours worked and/or work performed by Plaintiff in the workweek.

45. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, Defendant had the ability to, and actually did, manually change or alter Plaintiff's recorded hours worked each workweek via Defendant's electronic timekeeping system to Plaintiff's detriment.

46. Eventually, during Plaintiff's employment with Defendant in her position of Retail Sales Lead, she ceased recording her hours worked each workweek via Defendant's electronic timekeeping system because Defendant had made it clear to her that it would not compensate her for all hours worked and/or work performed each workweek.

47. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, Defendant subjectively and unilaterally determined how many hours for which it would compensate Plaintiff each workweek for all work performed, and Defendant recorded these representative and arbitrary hours worked each workweek via its electronic timekeeping system to Plaintiff's detriment.

48. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, Defendant suffered or permitted her to work without appropriately and lawfully compensating her for all hours worked in a workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

49. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek, including those hours worked in excess of forty (40) hours in a workweek.

50. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, Defendant's unlawful pay practices failed to compensate her with – and instead deprived her of – the appropriate and lawful wages and compensation due and owing to her, including at an overtime rate of pay, in violation of the FLSA.

51. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in excess of forty (40) in a workweek at an overtime rate of pay in accordance with the FLSA.

52. During Plaintiff's employment with Defendant in her position of Retail Sales Lead, Defendant had a statutory duty to comply with the FLSA and to remedy FLSA violations of which it was aware and/or of which it should have been aware.

53. Because of Defendant's unlawful actions, it owes Plaintiff earned and unpaid wages, including at an overtime rate of pay, for work performed during her employment with it for which she was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

## FLSA NON-DISCRETIONARY COMPENSATION ALLEGATIONS

54. Plaintiff brings these FLSA claims and causes of action on behalf of herself and all other similarly situated non-exempt employees of Defendant as authorized under the FLSA, 29 U.S.C. § 216(b).

55. Defendant's pay practices failed to include non-discretionary compensation in Plaintiff's and all other current and former non-exempt employees' regular rates of pay for overtime compensation purposes.

56. Defendant operated (and continues to operate) an unlawful compensation system that deprives current and former non-exempt employees of their wages earned for all compensable work performed each workweek, including overtime pay for each hour worked over forty (40) hours in a workweek. Specifically, Defendant's unlawful policy fails to include all non-discretionary forms of compensation, including but not limited to commissions, in all current and former non-exempt employees' regular rates of pay for overtime calculation purposes.

57. All current and former non-exempt employees of Defendant are compensated on a biweekly basis.

58. Defendant compensated Plaintiff and all other current and former non-exempt employees with, in addition to an hourly or regular rate of pay, other non-discretionary forms of compensation, such as performance-based commission payments.

59. Defendant compensated Plaintiff and all other current and former non-exempt employees with non-discretionary commission payments on a monthly basis.

60. The commission payments that Defendant compensated Plaintiff and all other current and former non-exempt employees with on a monthly basis were non-discretionary in nature: they were made pursuant to a known plan or (performance or productivity) formula and/or were announced and known to Plaintiff and all other current and former non-exempt employees to encourage and/or reward their steady, rapid, productive, safe, consistent, regular, predictable, and/or efficient work performance and/or productivity.

61. Defendant failed to include the aforementioned non-discretionary form(s) of compensation in Plaintiff's and all other current and former non-exempt employees' regular rates of pay when determining overtime compensation due to them during workweeks when said non-exempt employees worked more than forty (40) hours during each workweek.

62. Defendant's deliberate failure to properly compensate its non-exempt employees in such a fashion violates federal law as set forth in the FLSA.

63. Defendant's unlawful practice as it relates to non-discretionary compensation failed to compensate and deprived Plaintiff and all other current and former non-exempt employees of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

64. Defendant was or should have been aware that its unlawful practice as it relates to non-discretionary compensation failed to compensate and deprived Plaintiff and all other current and former non-exempt employees of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

65. The similarly situated employees in Plaintiff's Second Cause of Action (FLSA Non-Discretionary Compensation – Collective Action) include:

> **FLSA Collective:** All individuals who are or have been employed by Defendant at any of its locations in the United States as a non-exempt employee – including but not limited to in the positions of Retail Sales Associate, Sales Operations Associate, Mobile Expert, Retail Sales Lead, and/or Manager in Development – who received non-discretionary forms of compensation, such as commissions, bonuses, incentives, and/or other rewards, that were not included in said employees' regular rates of pay for overtime calculation purposes.

66. Defendant, as a matter of practice, did not include all non-discretionary compensation, such as the aforementioned commission payments, in the FLSA Collective's regular rates of pay for overtime calculation purposes.

67. These practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

68. Plaintiff's Second Cause of Action (FLSA Non-Discretionary Compensation – Collective Action) is brought under and maintained as opt-in Collective Actions pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective, and this Cause of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

69. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and/or pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collective.

70. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among any other FLSA violations, Defendant's practice of failing to include all non-discretionary compensation, such as the aforementioned commission payments and any other forms of compensation, such as bonuses, incentives, and/or other rewards, in the FLSA Collective's regular rates of pay for overtime calculation purposes.

71. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's stores and/or locations in areas where postings are normally made.

72. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

## FIRST CAUSE OF ACTION – FLSA OVERTIME VIOLATIONS
## (PLAINTIFF, INDIVIDUALLY)

73. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

74. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

75. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

76. Defendant violated the FLSA by failing to compensate Plaintiff with overtime premium pay of time and one half for each hour worked in excess of forty (40) hours in a workweek.

77. Defendant violated the FLSA by failing to account for and compensate Plaintiff with overtime premium pay for each hour she worked in excess of forty (40) hours each workweek.

78. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed, including at the correct overtime rate of pay, was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

79. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

80. Plaintiff is entitled to damages equal to the mandated minimum wage and/or overtime premium pay within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

81. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CAUSE OF ACTION – FLSA NON-DISCRETIONAY COMPENSATION
## (COLLETIVE ACTION)

82. Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

83. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

84. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

85. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

86. Plaintiff and the FLSA Collective are victims of a uniform and unlawful compensation policy and practice as applied to them in violation of the FLSA.

87. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour he/she worked in excess of forty (40) hours each workweek.

88. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

89. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

90. Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly include non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

91. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

92. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

93. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) Order Defendant to make Plaintiff whole by providing appropriate unpaid wages, including at an overtime rate of pay, liquidated damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses, including attorneys' fees and costs, in an amount to be shown at trial as a result of its violations of the FLSA;

b) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former non-exempt employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this FLSA collective action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this FLSA collective action, the nature of this FLSA collective action, and of their right to "opt in" to this FLSA collective action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this FLSA collective action;

c) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and applicable regulations and as willful as defined in the FLSA;

d) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt employees of Defendant damages in the form of reimbursement for unpaid overtime wages provided by the FLSA;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtime wages owed to them;

f) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

g) Provide Plaintiff and all other similarly-situated non-exempt employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 18th day of April, 2018.

                                         WALCHESKE & LUZI, LLC
                                         Counsel for Plaintiff

                                         **_s/ Scott S. Luzi_**
                                         James A. Walcheske, State Bar No. 1065635
                                         Scott S. Luzi, State Bar No. 1067405
                                         David M. Potteiger, State Bar No. 1067009
                                         Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@ walcheskeluzi.com
mtobin@walcheskeluzi.com