UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MERCEDES ARTEAGA, on behalf of
herself and all others similarly situated,

        Plaintiff,

v.                                                                     Case No. 18-cv-621-pp

WIRELESS VISION, LLC, a Michigan limited
Liability Company,

        Defendant.

---

**PROTECTIVE ORDER**

---

On October 3, 2018, the parties filed a stipulation for entry of a protective order which contained the parties' proposed protective order. Dkt. No. 16. Based on the parties' stipulation and the factual representations set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this order and fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

The court **APPROVES** the stipulation for entry of protective order, dkt. no. 16, and under Federal Rule of Civil Procedure 26(c) and Civil Local Rule 26(e) (E.D. Wis.), **ORDERS** that:

1. **Scope.** All documents and materials produced or received in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information obtained by third-party subpoenas, as well as all copies, excerpts, quotes or summaries of such discovery (hereinafter collectively "documents"), are subject to this Protective Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Protective Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. **Definition of Confidential Information.** As used in this Protective Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties.

For purposes of this Protective Order, the parties will make reasonable efforts to limit their designation of "Confidential Information" to the following categories of information or documents: (1) non-public confidential information relating to Defendant's business, financials, marketing, sales, policies and procedures; (2) personal and financial information regarding Plaintiffs, Defendant, and/or third parties; (3) Defendant's personnel records and payroll records, including the personnel files and payroll records of

Defendant's current and former employees, whether or not said employees are or are not expected to be parties to this action; (4) Defendant's confidential, proprietary information and trade secrets; and (5) Plaintiffs' medical records. Information or documents that are available to the public may not be designated as Confidential Information.

Confidential information does not include (a) any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party.

By listing these particular categories of information, no party waives its right to object to the production of such information/documents or to designate other documents as confidential. The parties have the right to designate as "Confidential" any documents they believe, in good faith, include the information as described in the paragraph above.

**3.** **<u>Form and Timing of Designation.</u>** The producing party may designate documents as containing Confidential Information, and therefore subject to protection under this Protective Order, by marking or placing the words "CONFIDENTIAL" and/or "CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. Alternatively, whole groups of documents may be designated as "Confidential" in either answer to written discovery requests prior to production or in any cover letter or covering e-mail.  The categories of documents that may be designated by group as "Confidential" include the following:

-- Personnel records and payroll records, including the personnel files and payroll records of the parties, and including without limitation, Defendant's current and former employees, whether or not said employees are parties and regardless of the source of the information.

-- Plaintiffs' medical and psychological records, if any, regardless of the source.

-- Records relating to Defendant's payroll practices, internal corporate structure, product pricing, and business expansion or contraction plans.

-- Any information that Defendant possesses that is subject to licensing or proprietary use agreements with third parties.

-- Any of Defendant's internal computer systems and data bases.

-- Lists or other documents containing the identities of Defendant's employees, including without limitation, employee addresses and pay information.

Further, as used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. Any marking will be applied prior to or at the time the documents are produced or disclosed.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly mark the page as CONFIDENTIAL.

Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Protective Order. Except as otherwise set forth hereinabove, copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. Where documents require marking and are so marked, by marking a designated document as confidential or otherwise claiming confidentiality, the designating attorney, or the party appearing *pro se*, thereby certifies that reasonable cause exists to assert that the document contains Confidential Information as defined in this Protective Order.

4. **<u>Inadvertent Failure to Designate</u>.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Protective Order, so long as a claim of confidentiality is asserted within <u>fourteen (14) days after discovery</u> of the inadvertent failure or prior to disclosure by notifying all other counsel in writing of the claim of confidentiality.

5. **<u>Depositions</u>.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within <u>fourteen (14)</u>

days after receipt of the deposition transcript by notifying all other counsel in writing of the claim of confidentiality.

Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected. There shall be no need to re-designate documents or exhibits which have been previously designated as Confidential Information.

**6. Protection of Confidential Material.**

**(a) General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals arising therefrom. In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class. Such information may not be used for purposes of other litigation, including without limitation, any other Fair Labor Standards Act ("FLSA") or state law wage and hour claims against Defendant.

**(b) Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

> (1) Parties, and counsel for the parties, who are actively engaged in the conduct of this litigation, and the partners, associates, secretaries, legal assistants and employees or agents of such counsel, to the extent

reasonably necessary to render professional services to the litigation;

(2) The court and court personnel, including any special master appointed by the court, and members of the jury;

(3) Court reporters, recorders, and videographers engaged for depositions;

(4) Any mediator appointed by the court or jointly selected by the parties;

(5) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(6) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information relates to the deposition, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(8) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(9) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)** **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this

7

Protective Order. Counsel for the parties, or the party appearing *pro se*, must maintain the originals of the forms signed by those persons acknowledging their obligations under this Protective Order subject to the same terms and time periods as set forth in Section 10(b).

**7.** **<u>Filing of Confidential Information</u>.** Without written permission from the designating party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Information. Motion papers or other Court filings that disclose Confidential Information shall automatically be deemed confidential subject to the terms of the Protective Order, unless otherwise agreed in writing by the parties, and parties must take the necessary steps to file under seal where Confidential Information is unavoidably used in the body of the motion. If the Confidential Information is contained in exhibits, unless otherwise agreed in writing by the parties, then the parties must take the necessary steps to file the exhibits under seal.

The parties understand that the Confidential Information may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the Confidential Information under seal, only the Court, counsel of record and unrepresented parties will have access to the sealed documents.

**8. Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. The party receiving the Confidential Information shall not be obligated to challenge the propriety of the confidential designation at the time made, and failure to do so shall not preclude a subsequent challenge thereof. Before filing any motion or objection to a confidential designation, the objecting party must provide written notice and confer in good faith to resolve the objection informally without judicial intervention. If the challenge cannot be expeditiously and informally resolved, any party may, on reasonable notice of not less than two business days, apply for appropriate ruling(s) from the Court. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Protective Order.

**9. Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Protective Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party who intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential

Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**10. <u>Obligations on Conclusion of Litigation.</u>**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Protective Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b) Return of Confidential Documents.** Within thirty (30) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, regardless of when designated, including copies as defined above, must be returned to the party who previously produced the document, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return;[1] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the foregoing, to the extent that Counsel is required by governing bar rules or malpractice policy requirements to maintain any files

---

[1]The parties may choose to agree that the receiving party must destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party may use destruction instead of being required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

for any period of time, such files shall not be returned or destroyed and counsel shall be permitted to retain such files which shall be maintained as confidential and subject to this Agreement.

**(c)** **Retention of Work Product.** Notwithstanding the above requirements to return documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Protective Order.

11. **Order Subject to Modification.** This Protective Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12. **No Prior Judicial Determination.** This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Protective Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

13. **Persons Bound by Protective Order.** This Protective Order will take effect when entered and is binding upon all counsel of record and their

law firms, the parties, and persons made subject to this Protective Order by its terms.

14. **Jurisdiction.** The court's jurisdiction to enforce the provisions of this Protective Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Protective Order or file a separate action in the jurisdiction of a party making improper disclosures.

15. **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, automatically with respect to information to which automatic confidentiality applies; otherwise, if timely requested by the third party or by a current party to the litigation, provided the Confidential Information relates to the party requesting the designation. Nothing herein shall be construed to limit any subsequent or separate protective order on the subject of information subpoenaed or obtained from third parties.

16. **Information or Materials Subpoenaed, or Ordered Produced in Other Litigation.**

**(a)** Any party desiring to issue or cause to be issued any subpoena to a third party to obtain information or materials ("3d party discovery") shall provide counsel for the other parties with a copy of the proposed subpoena and any attachments prior to issuance in order that any objections (such as,

privilege, overbreadth, proportionality, etc. ) may be brought to the attention of the court prior to issuance of any subpoena.

**(b)** Any party issuing or causing to be issued any subpoena, after complying with Subpart (a) hereof, shall provide counsel for the other parties with a copy of the subpoena and any attachments as issued and state the date of issuance.

**(c)** Any party issuing or causing to be issued any subpoena, shall provide to counsel for the other parties copies of any information or materials obtained as a result of the subpoena.

**(d)** Further, the terms of any prior or subsequent Protective Order are incorporated herein as though fully re-written, unless inconsistent herewith.

**(e)** Within thirty (30) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all discovery information and materials obtained from third parties, whether or not designated as containing Confidential Information, including copies, must be destroyed, unless: (1) the information or materials have been offered into evidence or filed without restriction as to disclosure; or (2) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the foregoing, to the extent that Counsel is required by governing bar rules or malpractice policy requirements to maintain any files for any period of time, such files shall not be returned or destroyed

and counsel shall be permitted to retain such files which shall be maintained as confidential and subject to this and any other Protective Order.

**(f)** Third party discovery shall be kept in the custody and care of counsel of record for the parties, excepting in house counsel, to this action and/or any expert retained by the parties who has complied with any prior or subsequent Protective Order, and shall be disclosed and used only for the purposes of the conduct of this case, and for no other purpose. Such information and material shall be disclosed only to the extent essential to the preparation of this case, and for no other purpose.

**(g)** Individuals having knowledge of third party discovery by virtue of their participation in the conduct of this case shall use the confidential material or information obtained from the confidential material only for purposes of this case and for no other purpose. Such individuals shall not disclose any confidential material to any person or persons not party to or involved as counsel or counsel's agents in the conduct of this case.

**(h)** If a receiving party is served with a subpoena or an order issued in **other litigation** that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the party to whom the Confidential Information relates, in writing, immediately and in no event more than <u>three (3) business days after receiving the subpoena or order</u>. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the party to whom the Confidential Information relates in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The party to whom the Confidential Information relates bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the receiving party has in its possession, custody, or control Confidential Information relating to another party to this case requested pursuant to subpoena or order issued in other litigation.

**17. Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential

15

Information under this Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or to estop that party, or the privilege holder, from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date.  Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party <u>within seven (7) days</u>, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Protective Order.  The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence; however, the recipient of the inadvertently disclosed information may seek reconsideration on the basis that the information was not attorney-client privileged or work product, regardless of the disclosure, i.e., waiver may not be asserted to support the request for reconsideration.

        **18.** **<u>Improper Disclosures by Plaintiff(s)</u>.**  With respect to any improper disclosure of Confidential Information by Plaintiff(s), including without limitation, opt-in Plaintiffs, Defendant shall be entitled to appropriate remedies with respect to any action to enforce the provisions of this Protective Order.

Dated in Milwaukee, Wisconsin this 12th day of October, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**